UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERIC JEFFREY,

               Petitioner,                         MEMORANDUM AND ORDER
                                                                             20-CV-232 (RPK)

     -against-

MICHAEL CAPRA,

               Respondent.
-----------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Petitioner, a state prisoner, requests that his petition for a writ of habeas corpus under 28 U.S.C. § 2254 be held in abeyance while he exhausts additional claims in state court with an eye toward obtaining federal review of those claims. For the reasons that follow, I deny this request. Respondent is directed to file an answer or other pleading in response to the petition within 60 days. Petitioner shall file his reply, if any, within 30 days of the filing of the answer.

## BACKGROUND

      Petitioner was convicted of second-degree murder and second-degree criminal possession of a weapon in Kings County in 1994. *See* Petition 1 (Dkt. #1). He appealed, arguing that prosecutors at his trial exercised peremptory challenges in a racially discriminatory manner in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), among other claims. *See* Petition 1-3, 30. The New York Appellate Division affirmed his conviction and sentence. *Id.* at Ex. D. Petitioner then sought leave for further review by the New York Court of Appeals, which denied his application on October 18, 2018. *See id.* at 3, Ex. H. Petitioner's conviction became final 90 days later. *See Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000).

      On January 14, 2020, with the assistance of counsel, petitioner filed a habeas petition in this Court that renews his *Batson* arguments. The parties appear to agree that the one-year

1

limitations period for seeking federal habeas relief expired two days after that petition was filed. *See* Resp't's Letter, May 15, 2020 at 2 (Dkt. #10); Pet'r's Letter, June 1, 2020 at 1 ("Pet'r's June 1 Letter") (Dkt. #12).

On March 10, 2020, petitioner submitted a *pro se* letter asking the Court to hold his habeas petition in abeyance while he pursues in state court claims that his trial counsel rendered ineffective assistance and suffered from a conflict of interest. Pet'r's Letter, Mar. 10, 2020 (Dkt. #7). While those claims were not included in petitioner's federal habeas petition, petitioner states that he wishes to exhaust those claims in state court so that he can "properly present" them "before the court as part of [his] habeas petition." *Ibid.* In a further submission to the Court in support of his request, petitioner included a 2016 letter from his appellate attorney advising petitioner against filing a motion to vacate his conviction under New York Criminal Procedure Law ("CPL") § 440 based on ineffective assistance of trial counsel. *See* Pet'r's June 1 Letter.

Several weeks after asking the Court to hold his federal habeas petition in abeyance, petitioner filed a motion to vacate his conviction in state court under CPL § 440.10, raising his claims that his trial counsel performed ineffectively and had a conflict of interest. *See* Pet'r's CPL § 440.10 Mot. (Dkt. #13); Resp't's Letter, May 19, 2020 (Dkt. #11). Petitioner principally argues that his trial counsel was ineffective because counsel failed to convey a plea offer to him. *See* Pet'r's CPL § 440.10 Mot. ¶¶ 22, 42, 62. In support of that claim, petitioner includes an affidavit from his sister dated February 14, 2020, in which she states that petitioner's trial counsel had told her about a possible plea deal. *See id.* ¶ 104, Ex. F. Petitioner also asserts that his trial counsel should have called petitioner's brother as a witness at trial and that his counsel had a conflict of interest. *See id.* ¶¶ 23, 78, 88-90. In his CPL § 440.10 motion, petitioner writes that he did not pursue those claims earlier because (i) he is indigent; (ii) he is incarcerated;

(iii) he has not been able to get in contact with his trial attorney; and (iv) his appellate attorney's assignment did not cover the collateral proceeding. *See id.* ¶¶ 13-15. He writes that, as a result, it was difficult for him to investigate "off-the-record matters" and to assemble "affidavits and other evidence." *Id.* ¶ 13.

## DISCUSSION

Petitioner seeks to stay the adjudication of his habeas petition so that he can exhaust additional challenges to his conviction in state collateral proceedings and then present those claims for federal habeas review. District courts "ordinarily have authority to issue stays . . . where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (citations omitted). In the habeas context, however, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. "[I]f employed too frequently," the Supreme Court has warned, those procedures could frustrate the "objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Ibid.* They could also undermine the goal of "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Ibid.* The Supreme Court has applied those principles in the context of "mixed" habeas petitions that include both exhausted and unexhausted claims. The Court held that district courts should stay adjudication of such petitions and hold them in abeyance only if the "petitioner ha[s] good cause for his failure to exhaust," the unexhausted claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.

Petitioner's case presents a variation on the circumstances in *Rhines*. Like the petitioner in *Rhines*, petitioner seeks a stay of federal proceedings so that he can pursue unexhausted state claims that he wishes to advance in his federal habeas proceeding. But petitioner here, unlike the

petitioner in *Rhines*, has not included those unexhausted claims in his federal petition at all. To obtain federal review of those claims, petitioner would therefore need not only to exhaust them in state court, *see* 28 U.S.C. § 2254(b)(1); *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017), but also to amend his federal petition to include them. The Second Circuit has not yet determined whether a litigant can make use of stay-and-abeyance procedures in circumstances like these. *See Townes v. Lacy,* 68 Fed. Appx. 217, 218 (2d Cir. 2003); *McNeil v. Capra*, No. 13-cv-3048 (RA), 2015 WL 4719697, at *6 (S.D.N.Y. Aug. 7, 2015). Assuming that *Rhines* permits petitioner to seek a stay and abeyance to exhaust claims that are not yet included in his federal habeas petition, I conclude that petitioner has not demonstrated that his case should be stayed under that framework. Petitioner has not shown good cause for failure to exhaust his additional claims, as *Rhines* requires. Further, it would be futile to stay proceedings so that petitioner can exhaust his additional claims and then add them to his habeas petition because federal review of those claims would now be time-barred.

I.     Good Cause for Failure to Exhaust

Petitioner would not be entitled to put his federal case on hold even if he had included his unexhausted claims in his federal habeas petition, because petitioner has not demonstrated good cause for failing to obtain state review of the unexhausted claims before trying to pursue them in federal court. *See Rhines,* 544 U.S. at 277-78. Although the Supreme Court did not define "good cause" in *Rhines*, "lower courts have determined that it requires a showing of either (1) 'some factor external to the petitioner [that] gave rise to the default' or (2) 'reasonable confusion,' which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief." *Martinez v. Mariuscello*, No. 16-cv-7933 (RJS), 2017 WL 2735576, at *2 (S.D.N.Y. June 23, 2017) (quoting *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417-18 (S.D.N.Y. 2007)).

4

Petitioner has not demonstrated good cause under either approach. He does not claim any confusion about filing deadlines. Nor has he pointed to any external factors that impeded his filing. When given a liberal reading, petitioner's June 1 letter in support of his stay-and-abeyance motion and his CPL § 440.10 motion suggest that he delayed in pursuing state collateral relief because he is indigent, he is incarcerated, and he has been unable to obtain an affidavit responding to his claims from his trial attorney. *See* Pet'r's CPL § 440.10 Mot. ¶¶ 13-15. But simply being incarcerated and being indigent are not the type of external impediments that courts have recognized as good cause for failure to seek timely collateral review. *See Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017) (finding that "ordinary badges of incarceration" do not constitute good cause). Petitioner's difficulty obtaining a response from his trial attorney also does not constitute an external impediment to his seeking collateral relief, because such a response is not a prerequisite to filing a motion under CPL § 440.10. *See, e.g.*, *People v. Pedraza*, 56 A.D.3d 390, 391 (1st Dep't 2008) (noting that defendant "adequately explained her inability to obtain an affirmation by trial counsel" and that her CPL § 440.10 motion should "not have been denied on that basis"); *People v. Bennett*, 139 A.D.3d 1350, 1351-52 (4th Dep't 2016). Moreover, petitioner has not explained why these asserted impediments rendered him unable to file his CPL § 440.10 motion—which, if properly filed, could have tolled the statute of limitations for federal habeas relief—before the federal limitations period expired in January 2020, particularly given that he was able to file his CPL § 440.10 motion just three months later. *See* Pet'r's CPL § 440.10 Mot. ¶¶ 13-15. Petitioner's conclusory statement that "the investigation into off-the-record matters, and the accumulation of the affidavits and other evidence presented herein . . . could not have been completed sooner," *id.* at ¶ 13, is not adequate to show good cause.

Similarly, to the extent petitioner argues that he could not have brought his claim of ineffective assistance of counsel earlier because the conversation between trial counsel and petitioner's sister had only recently been "brought to petitioner's attention," *see id.* at Ex. F, that claim also does not establish good cause. While some district courts have stated that "[n]ewly discovered evidence can at times serve as good cause" for failure to exhaust state remedies, *Murray v. Cunningham*, 19-CV-767 (MKB) 2019 WL 4279287, at *3 (E.D.N.Y. Sept. 10, 2019); *see Haywood v. Griffin*, No. 16 Civ. 3870 (KMK) (JCM), 2017 WL 961739, at *2 (S.D.N.Y. Mar. 13, 2017), courts find "good cause" only when litigants demonstrate that they could not have located the evidence at an earlier time with the exercise of due diligence, *see Bradley v. LaClair*, 599 F. Supp. 2d 395, 397, 406-07 (W.D.N.Y. 2009) (adopting report and recommendation finding no good cause when petitioner's "newly discovered evidence" was "available to him at the time of his arrest and at all times thereafter" with "due diligence"). Petitioner has made no showing that he could not have previously learned of the alleged plea offer by exercising due diligence.

Nor has petitioner demonstrated good cause by invoking a 2016 letter from his appellate attorney advising petitioner not to file a CPL § 440 motion. *See* Pet'r's June 1 Letter. Petitioner has not suggested that his interactions with his appellate attorney somehow impeded his filing. For example, he has not argued that there was a miscommunication about whether his attorney would file such a motion or that his attorney represented that he could not file a *pro se* motion. And he has not otherwise explained why his disagreement with appellate counsel over the wisdom of such a motion caused him to wait to file his motion for four years after that correspondence. *See Knight v. Colvin*, No. 17-CV-2208 (MKB), 2019 WL 569032, at *5 (E.D.N.Y. Feb. 11, 2019) (finding petitioner's assertion that his appellate counsel did not assist

him in submitting a CPL § 440 motion insufficient to establish good cause, in part because petitioner could have filed the motion *pro se*); *Newman v. Lempke*, No. 13-CV-531, 2014 WL 4923584, at *3 (W.D.N.Y. Sept. 30, 2014) (finding no good cause where petitioner "was aware, more than four months prior to the expiration of the statute of limitations, that neither his appellate counsel nor another attorney" that he retained would pursue petitioner's additional claim through a CPL § 440 motion).

Indeed, insofar as the 2016 letter bears on good cause, it undermines petitioner's attempts to make such a showing. The letter demonstrates that petitioner had developed the basic contours of his ineffective assistance of trial counsel claim at least four years ago, that he knew about CPL § 440 motions, and that he discussed filing such a motion with his appellate attorney, who set out the reasons she believed such a motion would be unwise. Giving petitioner's filings in his federal case and petitioner's CPL § 440.10 motion a liberal reading, I cannot find that they establish good cause for petitioner's failure to pursue his unexhausted claims in state court at an earlier time. I therefore find a stay unwarranted.

II.     Relation Back

A stay is also unwarranted because it appears that petitioner would be unable to amend his federal petition to obtain review of his unexhausted claims even if I stayed the proceedings, due to the expiration of the federal habeas limitations period. A state prisoner must generally file a federal habeas petition within one year of the date that his state judgment becomes final. 28 U.S.C. § 2244(d)(1). While properly initiating *state* post-conviction proceedings tolls the one-year federal limitations period, filing a *federal* habeas petition does not toll the limitations period for purposes of bringing additional federal habeas claims. *See Rhines*, 544 U.S. at 274-75 (citations omitted); *see also* 28 U.S.C. § 2244(d)(2). After the federal limitations period has run, a habeas petitioner may only amend his petition to add additional claims if the amended petition

7

would "relate back to the filing date of the original [petition]." *Mayle v Felix*, 545 U.S. 644, 648 (2005); *see* Fed. R. Civ. P. 15(c)(1).

An amended petition "relates back" to the date of an original petition if it "arose out of the conduct, transaction, or occurrence set out . . . in the original [petition]." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, this means that any new claims must stem from "a common core of operative facts"—not simply from the "same trial, conviction, or sentence." *Mayle*, 545 U.S. at 664 (internal quotations and citations omitted). An amended petition that "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" will not suffice. *Id.* at 650. For example, the Supreme Court has found that a petitioner's objection under the Fifth Amendment to admission of his own pretrial statements did not relate back to his Sixth Amendment challenge to admission of videotaped testimony from a prosecution witness. *Id.* at 654. In contrast, a later petition related back to an earlier one when both involved "evidence obtained at the same time by the same police department." *Id.* at 664 n.7 (citing *Mandacina v. United States*, 328 F.3d 995, 1000-01 (8th Cir. 2003)).

Relation-back principles counsel against a stay here. Even if I granted petitioner a stay so that he could pursue unexhausted claims in state court, petitioner would be unable to amend his habeas petition to obtain review of those new claims now that the statute of limitations for federal habeas relief has expired. The new claims in petitioner's CPL § 440.10 motion do not arise from the same core facts as petitioner's habeas petition. Petitioner's habeas petition focuses entirely on *Batson* and jury selection, while his ineffective assistance of counsel and conflict of interest arguments stem from distinct allegations about plea offers, a prior representation of petitioner's brother, and potential trial witnesses.

Under these circumstances, even if petitioner exhausts those claims in state court, he would be unable to pursue those claims in this federal habeas proceeding once they were exhausted.* Consistent with the approaches of other courts, I decline to stay petitioner's federal habeas proceedings to allow exhaustion of new claims that he would not ultimately be able to pursue in federal court if a stay were granted. *See Rhines*, 544 U.S. at 277 (stay-and-abeyance procedures should not be applied to needlessly delay resolution of federal proceedings); *Martinez*, 2017 WL 2735576 at *2 (concluding that unexhausted claims were "plainly lacking in merit" under *Rhines* when the claims had not been included in an initial petition and they could not now be added through amendment because they were "time barred and do not relate back to the claims asserted in Petitioner's present petition"); *McNeil*, 2015 WL 4719697 at *4 (denying stay to exhaust additional claims in state court when the additional claims would not relate back).

---

\* In a letter submitted after his request for a stay and abeyance, petitioner states that his § 440.10 motion describes "clear and convincing instances" that "actually prove[] [his] innocence." Pet'r's Letter, May 5, 2020 (Dkt. #9). "[A]ctual innocence, if proved, serves as a gateway" to obtain federal habeas review of claims that would otherwise be time-barred. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see Rivas v. Fisher*, 687 F.3d 514, 541 (2d Cir. 2012). But petitioner's letter does not provide a basis to conclude that the actual-innocence gateway would be available to him. To overcome the statute of limitations on this basis, a petitioner must make a "credible and compelling showing of his actual innocence," *see Rivas*, 687 F.3d at 552, by demonstrating "in light of . . . new evidence," that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt," *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Neither petitioner's May 5 letter nor the other materials submitted in connection with petitioner's stay-and-abeyance motion suggest petitioner can clear that high bar.

## CONCLUSION

Petitioner's request to stay his federal habeas proceedings and hold his habeas petition in abeyance is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to petitioner.

SO ORDERED.

                                                                     /s/ Rachel Kovner
                                                                     RACHEL P. KOVNER
                                                                     United States District Judge

Dated: August 12, 2020
       Brooklyn, New York